J. L. STEWART et al. v. B. C. BARDIN et al.

*Mortgage Without Power of Sale—Power Given to Mortgagee to Receive Rents After Default—Right to Foreclose Mortgage Through the Courts.*

A provision in a mortgage which contains no power of sale, that, after default in payment of the debt, the mortgagee may take possession of the land and receive the rents until the rights of the parties shall be fully adjusted "according to law," does not prevent the mortgagee from seeking a sale of the land under a decree of foreclosure.

CIVIL ACTION, tried at March Term, 1893, of PENDER
Superior Court, before *Winston, J*, and a jury, to foreclose a
mortgage given by the defendants to the plaintiff.

The jury returned a verdict that defendant was indebted
to plaintiff in the sum of $200 and interest, and judgment
was rendered ordering a sale of the land. The defendants
excepted, contending that the mortgage, by its terms and
conditions, did not convey the land or authorize its sale to
pay the debt, but only the rents and profits thereof.

The condition contained in the mortgage was as follows:

"If we, or either of us, or our personal representatives,
shall pay back to the said J. L. Stewart the sum of $200, on
or before the first day of January next, then this instrument
shall be null and void; but in case we fail to make said pay-
ment, then this instrument shall be in full force and effect.
And it is further understood that, until default made as afore-
said, that we, the grantors aforesaid, shall have and keep
possession of said land; but after default it shall be lawful
for the said J. L. Stewart and his assigns to enter upon said
land, hold, occupy and receive the rents and profits of said
land until the rights of the parties hereunder shall be fully
adjusted according to law, it being the true intent of this
instrument to secure to the said J. L. Stewart the payment of
the said sum of $200 on the first day of January next."

*Mr. R. O. Burton*, for plaintiffs.
No counsel, *contra*.

BURWELL, J.: The mortgage which the plaintiffs seek to
foreclose in this action has in it no power of sale, and pro-
vides that, after default, the mortgagee or his assigns may
take possession of the mortgaged premises and receive the
rents "until the rights of the parties shall be fully adjusted
according to law." We find nothing in this inconsistent with
plaintiff's assertion of right to have the land sold under a

decree of foreclosure if the debt is not paid. It only incorporates in the deed, as an express stipulation between the parties, what the law, without its insertion therein, would have adjudged to be the mortgagee's rights. The right to receive the rents after default is in nowise inconsistent with the asserted right to have the land itself sold.

No Error.